# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-CR-0155-001-TCK |
| vs. ) | |
| ) | USM Number: 09845-062 |
| LISA JEANINE FINDLEY, ) | |
| ) | |
| Defendant. ) | |

## NUNC PRO TUNC RECOMMENDATION
## FOR CONCURRENT DESIGNATION

Before the Court is a request from the Federal Bureau of Prisons for a *nunc pro tunc* designation of a state institution for concurrent service of the instant Federal sentence. The Court, having reviewed the request, finds that it should be granted.

On June 9, 2010, the Defendant was sentenced to a 12-month term of imprisonment on revocation, said term to run concurrently with Northern Oklahoma Case No. 06-CR-0071-001-TCK, but consecutively to Tulsa County Case No. CF-09-5480. Defendant appeared on a Writ of Habeas Corpus Ad Prosequendum from the State of Oklahoma where she was imprisoned in case CF-09-5480. Following sentencing, Defendant was returned to state custody to continue service of her Tulsa County imprisonment term. At the time of the instant sentencing, Defendant was charged but not yet sentenced in two Rogers County cases. She was subsequently convicted in both cases and in August 2010 was sentenced to two-year imprisonment terms in Case Nos. CF-2004-489 and CF-2005-22. In each instance, the sentencing court ordered the terms to run concurrently with each other, and concurrently with the Tulsa County case and the instant revocation term. However, because Defendant was already in state custody, the Oklahoma Department of Corrections correctly

calculated all state imprisonment terms as an aggregate sentence, and Defendant served the balance of the Rogers County terms following discharge from the Tulsa County sentence on or about November 1, 2010. Because this Court was silent as to the relationship of the Rogers County cases to the instant sentence, the sentences imposed in Rogers County resulted in terms that run consecutive to the instant revocation term. See 18 U.S.C. § 3548(a). Upon discharge from the state custody sentences on March 4, 2011, Defendant was received by the U.S. Bureau of Prisons to commence full service of the Federal imprisonment term.

The Tulsa County conviction was unrelated to the instant violation, and accordingly, the instant term was properly ordered to run consecutively to the Tulsa County offense. However, the offenses in the Rogers County cases occurred on July 19, 2004, and December 28, 2004, prior to the commencement of Defendant's term of supervised release on January 25, 2008. The Rogers County crimes do not constitute a violation of the terms and conditions of supervised release. Further, in assessing a proper punishment for these crimes, it was the intent of the Rogers County judge that the terms should run concurrently with any revocation sentence imposed in this case. Therefore, it is proper for the instant revocation term to run concurrently with these convictions.

For good cause shown, and under authority of Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), and BOP Policy Statement § 5160.05(9)(4)(c), the Court recommends, *nunc pro tunc*, that the sentence imposed shall run concurrent with Northern Oklahoma Case No. 06-CR-071 and Rogers County Case Nos. CF-2004-489 and CF-2005-22, and that the Bureau of Prisons retroactively designate a State of Oklahoma penal facility as the place of confinement of said sentence. It is the intent of this Court that the revocation imprisonment term shall commence on the date for which the sentence imposed in Tulsa County Case No. CF-09-5480 was fully satisfied.

**IT IS SO ORDERED** this 28th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE