# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cr-155-TCK |
| ) | |
| Lisa Jeanine Findley, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DETENTION PENDING
## REVOCATION HEARING ON SUPERVISED RELEASE

On January 7, 2015, pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a), the Court conducted a detention hearing as a result of defendant's arrest on alleged violations of her supervised release. In order for the defendant to be released, the Court must find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under Section 3142(b) or (c).[1] The Court finds that defendant has not met this burden.

In making this determination, the Court must take into account the available information concerning:

    (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person, including-

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

---

[1] Fed. R. Crim. P. 46 states that "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Rule 32.1(a)(6) provides that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Section 3143(a) requires the Court to find that this burden has been met by clear and convincing evidence; otherwise, detention must be ordered.

criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## **Written Statement of Reasons for Detention**

For the reasons set forth below, the undersigned orders that defendant be detained pending her revocation hearing for the reason that she has failed to establish by clear and convincing evidence that there is currently a set of conditions which will reasonably assure that she will not be a danger to herself or the community.

At the hearing, Probation Officer Alton Livingston testified that she supervises defendant and has done so since her release in 2011. She further testified as follows:

1. Defendant has changed her residence eleven times without notifying Officer Livingston, and on two occasions she moved outside the Northern District. On most occasions, defendant failed to notify Livingston even after she had moved. Officer Livingston repeatedly asked defendant to comply with her conditions of release and notify her, in advance, of any changes in residence.

2. On two occasions, defendant travelled to Kansas without permission. Officer Livingston learned of the travel from others, not from defendant.

3. Defendant opened an account with Bank of America without reporting it to Officer Livingston. Defendant deposited $50 into the account and subsequently wrote checks in amounts that exceeded $5,000. Officer Livingston learned of the account from the person who received the bad checks.

4. Defendant opened an account with Rent-A-Center without obtaining permission and then failed to pay on the account.

5. In 2006, defendant was convicted for failing to appear before District Judge Terence C. Kern.

6. Defendant has routinely been dishonest with Officer Livingston.

7. Officer Livingston has noticed, and attempted to stop, a pattern by the defendant of defrauding her boyfriends.

8. Officer Livingston believes defendant is a flight risk.

9. Defendant has kept sporadic employment, but generally does not keep it for long.

10. The vast majority of the restitution defendant owes has not been paid.

11. Defendant does "check- in" with Officer Livingston when requested.

12. Officer Livingston has visited defendant's current residence (where she has lived since October, 2014). Officer Livingston believes the residence is appropriate.

13. No current transportation issues with her current residence and her current employment exist. Such issues have contributed in the past to defendant losing her employment.

14. On January 2, 2015, Officer Livingston received a call from defendant's current roommate stating that he was changing the locks and kicking defendant out. Officer Livingston believes the locks were changed, but that defendant worked things out with her roommate.

Defendant's counsel proffered that defendant works 37 hours a week and has been working at her current place of employment for several months, that defendant needs to be at work on January 8, 2015, or she will lose her job, and that defendant's relationship is stable at her current residence and there is nothing wrong with the residence.

Defendant's counsel also stated that defendant is amenable to electronic monitoring.

A. Nature and Circumstances of the Offense

The nature and circumstances of the offense are set forth above. There have been multiple violations of defendant's supervised release and clear evidence that defendant has been unwilling to comply with her conditions. This factor weighs in favor of detention.

B. Weight of the Evidence

The government proffered strong evidence, as set forth above, that defendant has violated her conditions of supervised release. This factor favors detention.

C. History and Characteristics of Defendant

Other than the facts set forth above, no evidence was presented as to defendant's history and characteristics. Her current employment status favors release, but all other evidence in this

area favors detention. More importantly, the evidence in this area does not establish by clear and convincing evidence that defendant will comply with any conditions composed by the Court.

D. Danger to the Community

The Court reaches its decision based on a danger to the community. Defendant has not proven by clear and convincing evidence that she will abide by her conditions of release, specifically, the requirements that she be truthful with her probation officer, report any change in residence or travel as required, and notify her probation officer prior to conducting any financial transactions.

E. Risk of Flight

The Court does not base its decision on any flight risk posed by defendant.

## Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal to appear in connection with a court proceeding.

_____
T. Lane Wilson
United States Magistrate Judge